UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. SIMONS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　　)　　CAUSE NO. 3:13-CV-313 WL
　　　　　　　　　　　　　　　　　　　　　)
SUPERINTENDENT,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　　　　)

OPINION AND ORDER

Kevin L. Simons, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a state conviction. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Mr. Simons pled guilty to theft in Elkhart County and was sentenced to a year in prison under Cause No. 20D04-0908-FD-282. (DE 1 at 1.) He did not pursue a direct appeal, nor did he pursue state post-conviction relief. (*Id.*) He recently filed a motion in the trial court requesting that additional jail time credits be applied toward his sentence, but the motion was denied on March 26, 2013. (*Id.* at 2.) Mr. Simons did not appeal that ruling to the state appellate courts. (*Id.*) In his federal petition, he claims that he is entitled to additional jail time credits.[1] (*Id.* at 3.) He acknowledges that he has not yet presented this claim to the Indiana Supreme Court. (*Id.*)

---

[1] To the extent his claim is premised on a violation of state law (*see* DE 1 at 5-8), such a claim is not cognizable in this proceeding. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("habeas corpus relief does not lie for errors of state law."). The court will presume for purposes of this opinion that Mr. Simons could raise some cognizable federal claim in connection with his factual allegations.

This petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a federal court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Here, it is clear from the petition that Mr. Simons has not yet presented his claim in one complete round of state review. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice.

For these reasons, the petition (DE 1) is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED: April 22, 2013

                                               s/William C. Lee
                                               William C. Lee, Judge
                                               United States District Court